UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| KINYA DAWSON | CIVIL ACTION NO. 14-0057 |
| VERSUS | JUDGE ROBERT G. JAMES |
| HECTOR CARBOLLOSA, ET AL. | MAG. JUDGE JAMES D. KIRK |

<u>RULING</u>

This is a motor vehicle diversity case in which Plaintiff, Kinya Dawson ("Dawson") was allegedly injured when her vehicle collided with an 18-wheeler driven by Defendant Hector Carballosa ("Carballosa"). Pending is Plaintiff's Motion *In Limine* seeking the exclusion of certain evidence at trial. [Doc No. 32].

Defendants filed an Opposition Memorandum. [Doc. No. 35]. Plaintiff filed a reply. [Doc. No. 40].

For the following reasons, Plaintiff's Motion is GRANTED IN PART and otherwise DENIED AS VAGUE.

**I.    FACTS AND PROCEDURAL BACKGROUND**

On January 14, 2013, Dawson was traveling eastbound through Monroe, Louisiana, in the inside lane of Interstate 20. [Doc. No. 30, Exh. 4, p. 2]. Carballosa, an employee of Defendant Jorge Sanchez, d/b/a Midnight Express Transportation, was also driving eastbound in an 18-wheeler, but in the outside lane. *Id.* Dawson and Carballosa's vehicles collided near the Texas Avenue off-ramp, apparently as Carballosa changed lanes. *Id.* at p. 1. As a result, Carballosa received a traffic citation for "improper lane usage" and a citation under "33.2.79." *Id.* at pp. 2 & 4. However, on August 15, 2013, Carballosa pled guilty to a *non-moving* violation, *see* [Doc. No. 30, Exh. 5], not to an

"improper lane usage" violation as indicated in Plaintiff's Petition. [Doc. No. 1-2, ¶ 22].

Dawson initiated this action on December 27, 2013, in the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana. [Doc. No. 1-2]. On January 13, 2014, Defendants Carballosa, Jorge Sanchez, and Canal Indemnity Company (collectively "the Defendants") removed to this Court based on diversity jurisdiction. [Doc. No. 1-1].

Dawson works for the City of Monroe and is insured under the City's agreement with United HealthCare Insurance Company ("United"). The City of Monroe's insurance agreement, which was in effect on the date of the accident, contains a subrogation clause that states that the City's plan "is substituted to and shall succeed to any and all legal claims that [the insured] may be entitled to pursue against any third party for the Benefits that the Plan has paid." [Doc. No. 30, Exh. 3, p. 85]. United has paid for $36,938.60 of Dawson's medical expenses, although to date they have only provided Defendants with an itemization of charges in the amount of $13,000.30. [Doc. No. 35, Exh. 1].

Plaintiff was involved in at least three automobile accidents prior to this accident and had received medical treatment to her back as a result of at least one of those accidents. Plaintiff does not remember the exact date, but states that she was in an accident at some point between "'98 and 2000." [Doc. No. 36, Exh. 2, p. 2]. Plaintiff went to the hospital and hired an attorney as a result of that accident but could not recall whether her attorney filed suit or whether she received a settlement. *Id.* at 4-5.

At some point in 2004, an 18-wheeler rear ended Plaintiff. *Id.* at 8. Plaintiff did not initiate legal action and apparently did not receive medical attention as a result. *Id.* at 11.

Plaintiff could not recall the exact date, but she was involved in a third accident on the

Millhaven I-20 overpass. *Id.* at 12. Plaintiff received medical care, filed suit, and received a settlement as a result of that accident. *Id.* at 13-15.

Plaintiff filed the instant Motion *In Limine* on November 25, 2014. [Doc. No. 32]. Defendants filed an opposition. [Doc. No. 36]. Plaintiff replied. [Doc. No. 41].

## II.   LAW AND ANALYSIS

Plaintiff moves the Court to:

1. Exclude any statement or reference made by the defendants and/or any other witnesses about any alleged private insurance payments, and/or any reduction of medical bills procured on behalf of the plaintiff.

2. Prohibit Defendants from mentioning how or why Plaintiff employed her attorneys to represent her in this matter or any other matter.

3. Exclude all statements or references made by Defendants and/or any other witnesses about the prior health condition(s) of the Plaintiff **not related** to the automobile collision in dispute and to prohibit Defendants from mentioning statements, pleadings, depositions, requests for admissions, or declarations by Plaintiff from other lawsuits, prior claims, or legal proceedings not connected to the instant case.

4. Prohibit Defendants from arguing or presenting any evidence that Plaintiff has engaged in over-utilization of medical treatment of any kind, that Plaintiff has been over treated by her health care providers, and that certain medical treatment was not medically necessary, and/or that Plaintiff has received excessive treatment.

5. Prohibit Defendants from presenting evidence of any statement, legal advice, or privileged oral or written communication made to Plaintiff by her legal

representatives and/or agents of her legal representatives regarding her initial chiropractic visit to Dr. Arnold Harris or any reference or suggestion that Plaintiff's counsel referred Plaintiff to Dr. Arnold Harris.

[Doc. No. 32, pp. 1-2].

### A. Reference to Private Insurance Payments and Medical Bills

Plaintiff asks the Court to exclude "any statement or reference made by the defendants and/or any other witness about any alleged private insurance payments, and/or any reduction of medical bills procured on behalf of the plaintiff," [Doc. No. 32, p. 1], apparently on grounds that if Defendants are allowed to do so, it would violate the collateral source rule.

Under the "collateral source rule," a tort-feasor "may not benefit, and an injured plaintiff's tort recovery may not be reduced, because of monies received by the plaintiff from sources independent of the tort-feasor's procuration or contribution." *Bozeman v. State*, 2003-1016, p.8 (La. 7/2/04); 879 So. 2d 692, 698. The rule dictates that the tortfeasor is not able to benefit from the victim's foresight in purchasing insurance and other benefits. *Suhor v. Lagasse,* 2000-1628 (La.App. 4 Cir. 9/13/00); 770 So.2d 422, 423.

Defendants agree that private insurance payments "are a collateral source and are generally inadmissable" and consequently state that they "have no intention of asking Plaintiff about her health insurance." [Doc. No. 36, p. 3]. Regarding Plaintiff's request that Defendants be barred from mentioning any "reduction in medical bills," Defendants highlight that Plaintiff does not identify any particular medical bill and asks the Court to defer action on this portion of the Motion until specific bills are identified.

Plaintiff's Motion is GRANTED to the extent it seeks to bar evidence of insurance payments

4

and DENIED AS VAGUE to the extent it seeks to bar Defendants from offering evidence of Plaintiff's "reduction in medical bills." Plaintiff may urge her specific arguments at trial.

### B. Reference to Retention of Counsel

Plaintiff moves the Court to prohibit Defendants from mentioning "how or why the plaintiff employed her attorneys to represent her in this matter or any other matter" [Doc. No. 32, p. 1], apparently on grounds that to do so would violate FED. R. EVID. 403. Rule 403 provides in relevant part that the "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of [*inter alia*] unfair prejudice."

Plaintiff does not cite any authority for the proposition that *all* evidence/inquiries relating to how and why a plaintiff retained counsel is barred by Rule 403. There are certainly situations where such inquiries would be. On the other hand, there are also scenarios where the relevancy of such questions would not be significantly outweighed by the risk of unfair prejudice. Plaintiff does not identify specific evidence or specific questions that Defendants have asked or will ask. As such, Plaintiff's request is vague and overly broad.

Accordingly, Plaintiff's Motion is DENIED AS VAGUE, subject to Plaintiff's right to re-urge similar but more specific arguments at trial.

### C. Health Conditions and Legal Proceedings <u>Not Related</u> to the January 14, 2013 Accident

Plaintiff asks the Court to exclude "[a]ny statement or reference made by the defendants and/or any other witness about the prior health condition(s) of the plaintiff **not related** to the automobile collision" on grounds that to do so would violate FED. R. EVID. 403. From this, Plaintiff argues that the "fact that [she] may have previously made a personal injury claim is of no probative

5

value whatsoever,"[Doc. No. 32, p. 6], and apparently makes an all-encompassing request to prohibit Defendants from offering any evidence of Plaintiff's prior injuries or evidence that she has previously been involved in litigation involving other automobile accidents.

Plaintiff, however, does not identify specific pieces of evidence that Defendants may offer, but rather simply alludes generally to previous injuries and lawsuits that may be offered for improper reasons. Such evidence may or may not be "related to" the accident in dispute. Admissibility determinations under FED. R. EVID. 401, 402, and 403 are a fact specific inquiries, and the Court at present does not have sufficient information to make these determinations. Accordingly, Plaintiff's Motion is DENIED AS VAGUE, subject to Plaintiff's right to re-urge similar but more specific arguments at trial.[1]

### D.   Overutilization of Medical Treatment

Plaintiff asks the Court to prohibit Defendants from offering evidence that Plaintiff "has engaged in over utilization of any medical treatment of any kind" or evidence that any of her "medical treatment was not medically necessary." [Doc. No. 32, p. 1-2]. Again, it appears that Plaintiff objects to any such evidence on FED. R. EVID. 403 grounds.

Evidence of prior medical treatment is not *per se* inadmissable. Plaintiff, without identifying specifics, asks the Court to rule today how it would rule when given specifics at trial. As stated above, whether evidence is barred by FED. R. EVID. 403 requires a fact-specific inquiry. The Court does not currently know in what context Defendants may offer evidence of her past medical treatment. Of course, there are situations where such evidence would certainly be overly prejudicial

---

[1] The Court notes that references to Plaintiff's prior involvement in litigation similar to this action would have limited relevance to any issue in this case and would most likely be unduly prejudicial.

and inadmissable, *e.g.,* if the line of questioning suggested that Plaintiff is a litigious individual, and other situations where it would be highly relevant and likely admissible, *e.g.,* to dispute causation and the extent of her injuries.

Plaintiff's Motion is therefore DENIED AS VAGUE, subject to Plaintiff's right to re-urge her specific arguments at trial.

E. **Reference to Chiropractic Treatment after Plaintiff's Counsel Referred Plaintiff to the Chiropractor**

Plaintiff asks the Court to prohibit Defendants from introducing evidence suggesting that Plaintiff was referred to the chiropractor by her legal counsel and that she sought chiropractic treatment only after she retained counsel. Plaintiff again presumably seeks exclusion on FED. R. EVID. 403 grounds.

The law on this particular subject reflects the principle that FED. R. EVID. 403 determinations are fact intensive endeavors. Cases both indicate that introduction of evidence insinuating that a "plaintiff's medical treatment was produced from some conniving 'medical/legal machine,' rather than from her legitimate needs" is unduly prejudicial and therefore inadmissible, *see Boutte v. Winn Dixie of Louisiana, Inc.*, 95-1123, at 12 (La. App. 3 Cir. 04/17/1996); 674 So.2d 299, 307-08, and that evidence that a plaintiff first hired counsel and was later referred for medical treatment by counsel is *admissible* where the issue was raised and fully litigated. *Adams v. Canal Indem. Co.*, 1999-1190 (La. App. 3 Cir. 5/10/00); 760 So. 2d 1197, 1209.

It appears to the Court that evidence or questions indicating that Plaintiff was referred to her chiropractor by her attorney would be highly prejudicial and inadmissible. However, evidence highlighting that Plaintiff did not seek medical attention immediately after the accident would likely

7

be relevant and admissible. Nonetheless, the Court does not currently have sufficient information to make a ruling. Plaintiff's Motion is therefore DENIED AS VAGUE, subject to Plaintiff's right to present her specific arguments at trial

MONROE, LOUISIANA, this 17th day of December, 2014.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE