UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

KINYA DAWSON                                   CIVIL ACTION NO. 14-0057

VERSUS                                         JUDGE ROBERT G.  JAMES

HECTOR CARBOLLOSA, ET AL.                      MAG. JUDGE JAMES D. KIRK

RULING

This is a motor vehicle diversity case in which Plaintiff Kinya Dawson ("Dawson") was allegedly injured when her vehicle collided with an 18-wheeler driven by Defendant Hector Carballosa ("Carballosa").  Pending is Defendants' Motion *in Limine* seeking the exclusion of certain evidence at trial. [Doc No. 30].

Dawson filed an Opposition Memorandum.  [Doc. No. 36].  Defendants filed a reply. [Doc. No. 37].  Dawson filed a Supplemental Memorandum in Opposition. [Doc. No. 41].

For the following reasons, Defendants' Motion is GRANTED IN PART and DENIED IN PART.

I.      FACTS AND PROCEDURAL BACKGROUND

On January 14, 2013, Dawson was traveling eastbound through Monroe, Louisiana, in the inside lane of Interstate 20. [Doc. No. 30, Exh. 4, p. 2].  Carballosa, an employee of Defendant Jorge Sanchez, d/b/a Midnight Express Transportation, was also driving eastbound in an 18-wheeler, but in the outside lane. *Id.*  Dawson and Carballosa's vehicles collided near the Texas Avenue off-ramp, apparently as Carballosa changed lanes. *Id.* at p. 1.  As a result, Carballosa received a traffic citation for "improper lane usage" and a citation under "33.2.79." *Id.* at pp. 2 & 4.  However, on August 15, 2013, Carballosa pled guilty to a *non-moving* violation, *see* [Doc. No. 30, Exh. 5], not to an

"improper lane usage" violation as indicated in Dawson's Petition. [Doc. No. 1-2, ¶ 22].

Dawson initiated this action on December 27, 2013, in the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana. [Doc. No. 1-2].   On January 13, 2014, Defendants Carballosa, Jorge Sanchez, and Canal Indemnity Company (collectively "the Defendants") removed to this Court based on diversity jurisdiction. [Doc. No. 1-1].

Dawson works for the City of Monroe and is insured under the City's agreement with United HealthCare Insurance Company ("United").  The City of Monroe's insurance agreement, which was in effect on the date of the accident, contains a subrogation clause that states that the City's plan "is substituted to and shall succeed to any and all legal claims that [the insured] may be entitled to pursue against any third party for the Benefits that the Plan has paid." [Doc. No. 30, Exh. 3, p. 85]. To date, United claims it has paid $36,938.60 for Dawson's medical expenses, although Defendants have received an itemization of only $13,000.30 in charges.  [Doc. No. 35, Exh. 1].

On June 5, 2014, OptumHealth ("Optum"), purportedly acting on behalf of United, sent a letter to Defendants' attorney asserting United's right to subrogation. [Doc. No. 30, Exh. 1].  Neither United nor the City of Monroe has asserted a claim in this action by intervention. The deadline for joinder of parties and amendment of pleadings passed on July 25, 2014. [Doc. No. 21].

On November 6, 2014, Defendants filed a Motion *in Limine* asking the Court to exclude all references to the "improper lane usage" citation issued to Carballosa immediately after the accident and that Dawson be barred from recovering any medical expenses that have already been paid by United.  [Doc. No. 30].

After Defendants filed the instant Motion, on November 24, 2014, Optum, again purportedly acting on United's behalf, assigned United's subrogation rights to Dawson. [Doc. No. 35, Exh. 1].

Dawson filed a Memorandum in Opposition on November 25, 2014. [Doc. No. 35].

Defendants replied, objecting to the assignment on several grounds. [Doc. No. 37]. Dawson filed

a Supplemental Memorandum in Opposition. [Doc. No. 41].

II.    LAW AND ANALYSIS

A.    **Subrogation and Purported Assignment**

Defendants ask the Court to bar Dawson from recovering charges for medical treatments

which have been paid by United because Dawson contractually subrogated to United the right to

recover such payments. Where an insurance policy contains a valid subrogation clause, the insurer,

not the insured plaintiff, has the right to recover its payments. *See* LA. CIV. CODE arts. 1825-1828.

Where there has been a partial subrogation, as here, a plaintiff may recover only his remaining

interest in the partially subrogated claim. *Sutton v. Lambert*, 94-2301 (La. App. 1 Cir. 6/23/95); 657

So. 2d 697, 706 (La. Ct. App.) *writ denied*, 95-1859 (La. 11/3/95); 661 So. 2d 1384.

However, "a subrogation right can be assigned to the insured, who then has a right of action

to enforce it; moreover, the assignment may be made orally and may be proven like any other fact."

*Sutton* 657 So. 2d at 707. The ultimate debtor (here Defendant Canal Indemnity) "cannot question

. . . [the] validity of an assignment of the debt unless he can show prejudice." *Keith v. Comco*

*Insurance Co.*, 574 So.2d 1270 (La. App. 2d Cir.), *writ denied*, 577 So.2d 16 (La.1991)(internal

citations omitted).

Defendants object to the purported assignment on grounds that (1) Optum has not shown its

authority to act on behalf of United; (2) the assignment was untimely; and (3) the assignment would

cause prejudice.

Optum's letter to Defendants' attorney indicates that it has been "retained by United

3

HealthCare" to pursue recovery for medical benefits and refers to United as its "client." [Doc. No. 30, Exh. 2]. Defendants argue that the letter does not establish the authority of Optum to act as an agent of United and accordingly petition the Court to disregard the assignment.

Alternatively, Defendants argue the assignment was untimely. The deadline for joinder of parties and amendment of pleadings passed on July 25, 2014. Neither Dawson's initial Petition nor her Amended Complaint [Doc. No. 15] asserts any claim as assignee of United or the City of Monroe, and neither United nor the City of Monroe has asserted a claim in this action by intervention. Defendants highlight that the assignment was not produced in discovery and that the discovery deadline passed on October 23, 2014.

Finally, Defendants argue that they would be prejudiced if the assignment is allowed on grounds that the assignment transfers to Dawson the right to collect medical expenses in excess of what was disclosed in discovery as well as potential future sums that Defendants will not be able to contest. During discovery, on May 30, 2014, Optum submitted an itemization to Defendants claiming that United had paid $13,000.30 in medical expenses. [Doc. No. 30, Exh. 2]. In the purported assignment letter, Optum claimed that United has covered $36,938.60 of Dawson's medical expenses and the letter indicates that the assignment transfers to Dawson United's subrogation rights to unspecified future expenses. Because the period for discovery has ended, Defendants claim that the assignment will prejudice them because they cannot explore the nature of the rights assigned.

Having fully considered the parties' arguments, the Court finds that Defendants Motion should be DENIED. In the interest of justice, the Court will GRANT Dawson leave to file an Amended Complaint, which will be limited to addressing the issues of the purported assignment.

Further, in order to avoid prejudice to Defendants, the Court hereby RE-OPENS discovery for **45 days** for the limited purpose of resolving the issues of the assignment and additional medical expenses.  Finally, the trial date, currently set for March 9, 2015, will be CONTINUED to May 11, 2015.

###    B.    Improper Lane Usage Citation

Defendants also move the Court to prohibit Dawson from referencing, arguing, or introducing evidence that refers to the traffic citation or a guilty plea and, if the accident report is offered, that it be redacted to exclude all references to the traffic citation for improper lane usage.  Carballosa did not plead guilty to the moving violation he was charged with, but rather to a non-moving violation. [Doc. No. 30, Exh. 5].

While a plea of guilty to a traffic citation is admissible in a civil case, the mere fact that a party was charged with a traffic violation is not. *Maricle v. Liberty Mut. Ins. Co.*, 2004-1149, p. 9 (La. App. 3 Cir. 3/2/05); 898 So. 2d 565, 572.  Further, payment of the citation does not constitute an admission of guilt.  *Id.*[1]

Dawson does not oppose this portion of Defendants' Motion; she states that she "has no intention and certainly will not reference or introduce evidence regarding the traffic citation." [Doc. No. 35, p. 3].

The Court will GRANT Defendants' Motion *in Limine* to the extent it seeks to exclude

---

[1] *See also Rhodes v. Curtis,* CIV. A. NO. 04-476, 2006 WL 1047021, at *2 ( D. Okla. Apr. 12, 2006)("Evidence of traffic citations is only admissible in a subsequent civil proceeding if the defendant voluntarily and knowingly entered a plea of guilty.")(citing *Walker v. Forrester,* 764 P.3d 1337, 1339 (Okla. 1980)).

evidence of Carballosa's citation for improper lane usage and to the extent it seeks redaction of the

accident report.

MONROE, LOUISIANA, this 18th day of December, 2014.


_____

**ROBERT G. JAMES**
**UNITED STATES DISTRICT JUDGE**